```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

|  |  |  |
|---|---|---|
| JOSE LEITE, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO.: WDQ-09-0742 |
| SEVERSTAL SPARROWS POINT, LLC, *et al.*, | * | |
| Defendants. | * | |
| | * | |
| JOSE CASTILLO, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-09-1158 |
| SEVERSTAL SPARROWS POINT, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jose Castillo and Jose Leite (the "plaintiffs") sued Severstal Sparrows Point, LLC ("SSP") and others for negligence.[1] SSP impled John B. Conomos, Inc. ("Conomos"). For the following reasons, Leite's motion to bifurcate will be denied.

---

[1] Castillo's wife also sued for loss of consortium. WDQ-09-1158, Compl. 9-13.

I.  Background

SSP operates a steel mill (the "Mill") in Sparrows Point, Maryland.  ECF No. 34 at 1; ECF No. 53 at 1.  On December 1, 2004, Conomos entered into an agreement with SSP (the "Agreement") to clean the Mill.  ECF No. 34 at 1.  On April 26, 2006, Conomos sent its employees, Castillo and Leite, to the Mill.  ECF No. 38 at 2.  As they were cleaning a pit, SSP employees ordered them to leave because a "water scoop" was being repaired.  *Id.*  They did, but soon re-entered and were injured when the water scoop fell into the pit.  *Id.* at 2–3.  Castillo was hit on his shoulder and back; Leite's shoulder and chin were hit.  ECF No. 53 at 1.  In July 2006, Castillo completed treatment.  *Id.*  In September 2009, Leite had back surgery; his treatment continues.  *Id.*

On February 26, 2009, Leite sued SSP and others for negligence in the Circuit Court for Baltimore City.  ECF No. 38 at 3.  On April 1, 2009, Castillo and his wife sued those defendants in that court for negligence and loss of consortium.  *Id.*  On March 25 and May 5, 2009, the cases were removed to this Court.  *Id.*

On May 12 and 13, 2009, SSP impled Conomos in both cases and asserted third-party claims of contractual indemnification and negligence.  *Id.*; ECF No. 53 at 3.  The Agreement provided that Conomos would defend and indemnify SSP against liability

2

and damages, except to the extent that SSP was negligent.  ECF
No. 34, Ex. 1 § 29.

SSP's motion for summary judgment on its third-party claims
was denied on February 3, 2010.  ECF Nos. 34, 38.[2]  On March 8,
2010, the parties' joint motion to consolidate trials was
granted.  ECF Nos. 40, 41.  A five-day jury trial has been set
for January 24, 2011.  ECF No. 48.  Leite requires a Portuguese
interpreter.  ECF No. 54 at 2.

On October 4, 2010, Leite moved to bifurcate the liability
and damages portions of trial.  ECF No. 51.  On October 20,
2010, SSP opposed that motion.  ECF No. 53.  On October 25,
2010, Leite filed his reply.  ECF No. 54.

II. Leite's Motion to Bifurcate

  A. The Standard

Under Fed. R. Civ. P. 42(b):

> For convenience, to avoid prejudice, or to expedite and
> economize, the court may order a separate trial of one or
> more separate issues, claims, crossclaims, counterclaims,
> or third-party claims.  When ordering a separate trial, the
> court must preserve any federal right to a jury trial.

The decision to order separate trials is within the Court's
"sound discretion."  *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir.

---

[2] The Court explained: (1) "whether--and to what extent--SSP was negligent is a prerequisite to determining Conomos's obligation to SSP"; and (2) ordering Conomos to assume SSP's defense would be a conflict because Conomos would benefit from "an adverse outcome for SSP."  ECF No. 38 at 9, 11.

3

1953). Although "complex" issues have justified bifurcation,[3] separating issues for trial "is not to be routinely ordered."[4] Bifurcation is inappropriate if the evidence on liability and damages "overlap[s]." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2390 (3d ed. 2010).

Leite argues that bifurcation will save time and money because: (1) if SSP prevails, his "considerable" damages in light of his "extensive injuries" need not be addressed; (2) determining liability first will increase chances of settlement; and (3) interpreter fees will be minimized. ECF No. 51 at 1-2; ECF No. 54 at 2-3. Leite also asserts that because he is still recuperating from back surgery, he is "physically unable to sit for extended periods." ECF No. 51 at 2.

SSP argues that bifurcation would "frustrate the goal of judicial economy" because the witnesses would have to re-describe the accident and Leite's condition for the second jury's damages determination. *See* ECF No. 53 at 5-6. SSP also asserts that Leite will not be prejudiced by a joint trial because his "considerable" damages "tip the scales in [his] favor." *Id.*

---

[3] *Shetterly v. Raymark Indus., Inc.*, 117 F.3d 776, 782 (4th Cir. 1997) (bifurcating asbestos case because numerous causation issues had to be resolved before legal theories and damages could be addressed).

[4] Fed. R. Civ. P. 42(b) advisory committee's note.

B. Bifurcation and Judicial Economy

Bifurcating the liability and damages issues will not "expedite or economize." *See* Fed. R. Civ. P. 42(b). The jurors will consider (1) the plaintiffs' negligence and loss of consortium claims, and (2) SSP's third-party negligence and contract claims against Conomos. *See* ECF No. 53 at 1. As Leite concedes, these claims are not complex.[5] Although determining the full extent of damages would be unnecessary if SSP prevailed, this "potential time savings is true in all bifurcated cases." *R.E. Linder Steel Erection Co., Inc. v. Wedemeyer, Cernik, Corrubia, Inc.*, 585 F. Supp. 1530, 1534 (D. Md. 1984).

The evidence on liability and damages "overlap[s]" in this case. Wright & Miller, *supra*, § 2390. Because deciding a negligence claim requires a damages analysis,[6] "liability cannot be resolved without calculating damages to some degree."[7] SSP has indicated that it will use the same witnesses on both

---

[5] *See Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 461 (D. Md. 2005) (refusing to separate liability and damages in a complicated patent infringement case).

[6] *Schultz v. Bank of Am., N.A.*, 413 Md. 15, 27, 990 A.2d 1078, 1086 (2010) (elements of negligence are duty, breach, causation, and damages).

[7] *Southwest Stainless, L.P. v. Sappington*, No. 07-CV-0334-CVE-FHM, 2008 WL 1777476, at *6 (N.D. Okla. Apr. 17, 2008) (refusing to bifurcate liability and damages in tort-based claims).

5

issues. *See* ECF No. 53 at 6.[8]  It is "wholly speculative" that bifurcation would produce savings or an increased likelihood of settlement. *See R.E. Linder Steel*, 585 F. Supp. at 1534.

### C. Prejudice to Leite

The consideration of liability and damages in one trial will not prejudice Leite. He may benefit from the jury's determination of damages after hearing evidence of his "extensive injuries." ECF No. 51 at 1.[9]  The Court will provide adequate breaks to accommodate Leite's back pain. Bifurcation of liability and damages is not necessary to "avoid prejudice" to Leite. *See* Fed. R. Civ. P. 42(b).

## III. Conclusion

For the reasons stated above, Leite's motion to bifurcate will be denied.[10]

| | |
|---|---|
| December 9, 2010 | _____/s/_____ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[8] *See R.E. Linder Steel*, 585 F. Supp. at 1534 (refusing to bifurcate when plaintiff intended to use "some of the same witnesses" on liability and damages).

[9] *See, e.g.*, *Grosek v. Panther Transp., Inc.*, No. 3:07cv1592, 2009 WL 905035, at *2 (M.D. Pa. Apr. 1, 2009) (explaining that plaintiff's severe injuries could result in "substantial damages" if the jury accepted her liability arguments).

[10] As a hearing would not aid the decisional process, Leite's "Request for Hearing" will also be denied. *See* ECF No. 52.